Phillip Sanders Pro Se
1448 W American Ave
Email civil(FEDCASE@gmail.com

# United States District Court Eastern District of California

1:20 CV 00690 NONE-EPG

PLAINTIFF'S PHILLIP SANDERS,

    Plaintiff,

vs.

DEFENDANTS

Deputy District Attorney: V. Lai

NOT PESENT 4/24/18 PRESENT 5/8/18 HEARING

Deputy Public Defender: D. Adams PESENT

4/24/18 HEARING

Probation Officer: A. Bosniak PESENT 4/24/18

HEARING

Deputy District Attorney: S. Utlzen PESENT 4/25/18

HEARING

Deputy District Attorney: T. Eilers PESENT 4/30/18

HEARING

Probation Officer: B. Roberts PESENT 4/30/18

HEARING

Probation officers Justin Williams DPO and Jill Reynolds PSM

WROTE REPORT 4/23/18 COMBINING CASES IN DEPT 95

Original public defender Sabrina Ashjain

Private attorney Daljit Rakkar

Appeals attorney Greg Cannon

## CAUSE OF ACTION

14th amendment due process bringing felony charges in the wrong courts jurisdiction probation officers B ROBERTS, A BOSNIAK AND DISTRICT ATTORNEY V LAI

14th amendment due process VIOLATION manipulated felony probation violations report in the wrong courts jurisdiction probation officers Justin Williams, Jill Reynolds public defender D Adams

14th amendment due process right failing to file stay on probation once appeal was granted Original public defender Sabrina Ashjain Private attorney Daljit Rakkar

6th amendment ineffective assistance of counsel COMBINING UNRELATED CASES AND failing to be present on numerous court date PUBLIC DEFENDER D ADAMS Private attorney Daljit Rakkar

8th amendment cruel and unusual punishment failing to object to excessive sentence FAILING to file prop 47 motion reducing charges and failing to establish proper bail amount

TITLE 18 UNITED STATES SECTION 241 & 242 CONSPIRACY TO COMMIT 14TH AMENDMENT DUE PROCESS 8TH AMENDMENT AND 6TH AMENDMENT DISTRICT ATTORNEY PROBATION OFFICERS AND PUBLIC DEFENDER ALL CONSPIRED COMBINING UNRELATED FELONIES CASES THAT WERE MISDEMEANOR IN THE WRONG COURTROOM JURISDICTION WITHOUT RECUSAL OR JUDICIAL DISQUALIFICATION

PAGES 1

# United States District Court Eastern District of California

**CASE INTRO**

This case serves as a prime example of how easily the criminal justice system can be manipulated from the beginning to the core of the appeals process when legal minds can get the wheels of justice to spin backward like a city attorney arguing in the rodney king case he fell against the officers night stick the moral code of ethics and dignity has left the judicial system returning us to the days of old white only water fountains Rossa parks back of the bus how a court can skip a complete procedure filing a stay on probation once appeal is granted and not providing adequate records on appeal and still lose the case is beyond right and wrong this case changes jurisdiction so many times is mind blowing a city slick district attorney can hold a murder trial in federal bankrupcty court for j walking if no one regulates them  facts can be found in the court dockets appeals record and minute orders

1 Plaintiff is a individual and citizen of the United States

2 Defendant are DISTRICT ATTORNEYS AND APPEALS ATTORNEY EMPLOYEES OF THE STATE OF CALIFORNIA  PROBATION OFFICERS AND  PUBLIC DEFENDERS EMPLOYEES OF THE COUNTY OF FRESNO

3 plaintiff allege defendants were acting while on duty as EMPLOYEES OF THE STATE OF CALIFORNIA STATE OF CALIFORNIA AND employees of THE Fresno County PROBATION AND PUBLIC DEFENDERS OFFICES

4 Plaintiff  is bring this claim against defendants in both unofficial and official capacity under section 42 USC 1983 section 28  the color of law and section USC 1983 tort act  for claims of the  8th amendment  cruel unusual punishment section 6th amendment ineffective assistance of counsel TITLE 18 UNITED STATES SECTION 241 & 242 CONSPIRACY TO COMMIT

5 This court has jurisdiction to hear subject matter because it is a federal question according to article 111 section 2 of The Constitution

6 Plaintiff and defendant reside in this courts District

7 Plaintiff also request preliminary injunctions under rule 65  be applied to Fresno county SUPERIOR COURT  see notice to adverse party attached

8 plaintiff prays for INJUNCTIONS monetary and compensatory damages for pain and suffering and emotional distress  in the amount of 101 thousand dollars per defendant

PAGES  1

5/15/20

# United States District Court Eastern District of California

| | |
|---|---|
| PLAINTIFF'S PHILLIP SANDERS , <br><br> Plaintiff, <br><br> vs. <br><br> DEFENDANT'S <br><br> Deputy District Attorney: V. Lai <br><br> NOT PESENT 4/24/18 PRESENT 5/8/18 HEARING <br><br> Deputy Public Defender: D. Adams PESENT 4/24/18 <br><br> Hearing ETAL | Case No.: Number <br><br><br> PLAINTIFF DECLARATION TO SUPPORT CAUSE OF ACTION |

This case starts from a arrest made on 4/20/18 for two felony warrants that were both misdemeanors I remember intentionally requesting the copy of the probation report as well as the police report on the very first hearing on 4/25/18 in dept 95 and every hearing that followed it was extremely odd for me to be in court for a felony probation violation when do appellate division ruled that felony probation should have never been imposed all most 5 years prior this points directly back to be ineffective assistance of counsel by the original public defender Sabrina Asjian for failing two object to the excessive sentence then failing to file the stay on probation hearing once the appeal was granted skipping a common due process right

Furthermore I remember only one attorney being present at the first initial hearing 72 hours after the arrest on 4/25/18 in dept 95 public defender D Adams in a domestic violence attorney speaking on the behalf of a unrelated possessions case assigned to a different attorney while requesting the moving of her domestic violence case to a drug possession courtroom to hear a probation violation simply put I had no attorney present for the first initial hearing in department 95 nor was a district attorney present at the first initial hearing

nervertheless public defender D Adams scheduled the domestic violence case over to a drug possession courtroom dept 33 on 4/25/18 when I arrived I had no counsel when judge godlieb ask who my attorney was I told him attorney Rakkar and he was not present judge godlieb then trailed the case until afternoon when we returned both public defender d adams Attorney: Richard Beshwate after I objected through the Marsden hearing combining both cases judge godlieb reschedule the cases in the proper separate courtrooms set the bail at 40,000 dollars and remanded me Deputy District Attorney: S. Utlzen said nothing at all each hearing there

PAGES 1

**United States District Court Eastern District of California**

1  after the courtroom probation officer continuously tried to combine the alleged violations in
2  other courts jurisdiction

4  not until after I posted Bond and took all the documents to public defender D Adams supervisor
5  Mario Lopez did I get any results public defender D Adams wave time several times until judge
6  Whitehead return from vacation by then supervisor Lopez took over talked to judge whitehead
7  and got the case dismissed on 5/15/18 while department 11 attorney from the wheeler Act
8  Rchard Beshwate was extremely busy holding the Muhammad case had a attorney stand in for
9  him until he could address the court and he had the case dismissed time served I told him
   several times he was not my attorney for that case

11  point being the case was over 5 years old past sentencing the attorney Curtis suck was the first
12  wheeler attorney when he suggested a competency hearing I hired private attorney Diljit
13  Rakkar who drafted a deal with judge Simpson while judge Simpson lack jurisdiction around
14  2013 who sentence me while the case was in the wrong Court attorney Rakkar refused to file a
15  stay on probation once the appeal was granted and also refused to file prop 47 reducing the
    case to a misdemeanor

17  5 years after being sentence I was arrested on the probation violation and the case was switch
18  back to attorney Richard Beshate appointed from the wheeler act , when he was not my
19  attorney of record attorney beshwate told me he would move the court to issue time served and
    dismiss the case so I let him continue as counsel

21  that said after several hearings I requested a bail reduction I bailed out return to court with
22  documents and both violations were dropped the battery case were the courts gave me a felony
23  for a misdemeanor was dismissed by judge Whitehead and the possessions case that was
24  reduced to a misdemeanor by prop 47 was dismissed time served one key factors for this
    complaint

27  how can anyone have 116 days time credit before they were sentenced to probation is a
28  clear 14th amendment due process violation well as 8th amendment cruel and unusual
    hinging on a hostage situation when I passed the comp evaluation from behind bars

PAGES 1

without any medical treatment 3 judges locked me up alleging I was incompetent to go to court on driving on a suspended license while I had my license in my pocket

judge Sanderson, kapetan, and Simpson should all have been recalled for such gross false imprisonment furthermore all charges should have been dropped as soon as I passed the evaluation / the notion you are presumed innocent before proven guilty was repealed

these cases had numerous federal violations such as excessive bail 8th amendment violation cruel and unusual punishment excessive sentence Court imposing a felony for a misdemeanor reversed on appeal another 8th amendment violation cruel and unusual punishment 14th amendment due process through judicial misconduct when judge Simpson combined a misdemeanor obstruction case with a possession case that was suspended after I pass the competency evaluation judge Simpson sentence me only having jurisdiction to hear the competency evaluation knowing judge Sanderson had fundamental jurisdiction dept 33

after sentencing the court appointed attorney skipping the complete process filing a stay on probation once the appeal was granted and refusing to file prop 47 reducing the charge to a misdemeanor clear **Ineffective Assistance of Counsel.** In **Strickland** v. Washington, 466 U.S. 668

that said the misdemeanor battery appeal went to the fifth District Court of appeals when it should have been sent to the Superior Court appellate division delaying my due process rights on appeal the possession appeal went to the fifth District Court of appeals who reneged on its own motion to augment the records **appeals docket stated / This court previously ordered augmentation of the record with a reporter's transcript of that specific March 22, 2012 proceeding. The court reporter has filed an affidavit that she does not have any notes for it.**

This appeal order violated my right to adequate record on appeal under the fourteenth amendment the only way I lost the appeal was because the appeals attorney [greg cannon] argued the wrong issue on appeal point being I had 2 appeals the battery case went to the

PAGES 1

# United States District Court Eastern District of California

wrong appeals division delaying my win the possession case the court lost several court records and I should have won plus the charge was reduced by prop 47

finally after being arrested on probation violations 4/20/18 more due process and excessive bail violations occurred such as the district attorney combining unrelated cases together and moving them to a different Court without a judicial disqualification probation officers conspiring with the district attorney writing a manipulated felony probation report when both cases were misdemeanors sent to that same courtroom that combined both cases without a judicial disqualification plus more several Court appearances where the public defender or court-appointed counsel did not appear

at the end of the day the appeals should have caught both court errors nevertheless the district attorney courtroom probation officers and the public defenders combined unrelated cases switch them to court rooms outside their jurisdiction and try to use incarceration shock threaten me with prison time if I didn't take one year in the county jail

a tactic seldom used by the District attorney's office conspiring with the public defender all of which could have been avoided had the public defender and court appointed attorney filed a stay on probation hearing once the appeal was granted

closings once both cases were dropped it gave way to numerous federal violations facts can be found in the Fresno Superior Court docket reports minute orders appeal dockets and the extremely puzzling felony probation reports drafted for cases that were only misdemeanors point being felony probation reports are not wrote for misdemeanors in fact Bottom of page 1 probation report reads

probation adjustment pre minute order dated 7/20/13 there is an error in the time credit calculation awarding the defended 169 good time work time credits the correct time credits are noted in the time credit table below

on 11/19/13 a special report was submitted to the court requesting a bench warrant be issued in case f 10904103 on 11/25/13 the warrant was issued

PAGES 1

# United States District Court Eastern District of California

on 4/20/18 the defendant was arrested for outstanding standing bench warrant in both cases pre odysses both cases on calendar for 4-24-18 in Dept 95

please note this is a clear sign probation officers williams and reynolds admitting they combined 2 felony cases to different jurisdictions that were misdemeanors

that said the grounds with merit for this federal civil suit are set fourth in the declaration to support the cause of actions see exhibit 2 page probation report and court docket

Phillip sanders pro se      *[signature]*  5/15/20

PAGES 1

# Fresno County Probation Department
## Probation Hearing Report

**File #:** 176744

| | | |
|---|---|---|
| **Probationer:** | PHILLIP EUGENE SANDERS | **DOB:** 07/09/1963 |
| **Court Date:** | 04/24/18   **Dept:** 95 | **Attorney:** Public Def |
| **AKA:** | JOHN WESLEY SANDERS, PHILLIP SANDERS, PHILLIP E SANDERS, PHILLIP E SAUNDERS, PHILLIP EUGENE SAUNDERS | **Type of Hearing:** VOP ARRAIGNMENT |

| Court # | Charge(s) | Placed on Probation | VOP | Revoked | Reinstated | Extended | Styd LPO/CDCR Term | Signed PI's |
|---|---|---|---|---|---|---|---|---|
| F10904103 PC 1203 | HS 11350(a) - F | 07/22/13 1 year(s) | 1st | 11/25/13 | | | No | Yes 08/27/13 |
| F13906789 PC 1203 | PC 273.5(a) - M | 07/30/13 3 year(s) | 1st | 11/25/13 | | | No | Yes 08/27/13 |

—Shalion Bean inf pros  **Violation Allegation(s)**

**Failed to report monthly via the Telephone Reporting System (TRS):** On 8/27/13, the defendant was enrolled in TRS and directed to check in on the 7th of each month. The defendant failed to comply and TRS was terminated on 9/17/13.

**Failed to appear for office appointment on 10/3/13:** On 8/27/13, the defendant was given an appointment letter, directing him to report to Probation on 10/3/13, but he failed to appear. On 10/11/13 and 10/14/13, Probation attempted to contact the defendant at his last known address with negative results.

**Out of contact since 10/03/13.**

**Failed treatment/program, Fresno New Connection outpatient substance abuse treatment:** On 8/27/13, the defendant was provided with a referral to Fresno New Connections, to enroll in outpatient substance abuse treatment by 10/03/13, but he failed to report.

**Failed treatment/program, Fresno New Connection Batterer's Intervention Program (BIP):** On 8/27/13, the defendant was provided with a referral to Fresno New Connections to enroll in Batterer's Intervention Program by 09/03/13, but he failed to report.

**Failed to drug test:** Every Tuesday, from 10/1/13 through 12/31/13.

**Failed to Register Pursuant to Health and Safety Code 11590.**

**Failed to appear in Court:** On 09/03/13 as to case #F13906789 the Court issued a warrant on 9/3/13 for failing to appear in for a Review Hearing. On 02/05/14, the defendant's attorney placed case #F10904103 on calendar for unknown reasons. On 02/05/14 the defendant failed to appear and Court was continued to 02/06/14. On 02/06/14, the defendant failed to appear in Court and proceedings were continued to 02/19/14. On 02/19/14, the defendant failed to appear in Court and the bench warrant remained active.

| | | | |
|---|---|---|---|
| **Custody:** IC | **Arrested:** 04/20/18 | **Booking #:** 1819475 | **VOP Hold:** No |

**Probation adjustment:** Per minute order dated 7/22/13, there is an error in the time credit calculations awarding the defendant 169 goodtime/worktime credits. The correct time credits are noted in the time credits table below.

On 11/19/13, a special report was submitted to the Court requesting a bench warrant be issued in case #F10904103. On 11/25/13, the warrant was issued.

On 04/20/18, the defendant was arrested for the outstanding bench warrants in both cases. Per Odyssey, both cases on calendared for 4/24/18 in Department 95.

PHILLIP EUGENE SANDERS                                                                                F10904103, F13906789

**Conclusion:** The defendant is before the Court for his first VOP. The defendant failed to comply with any of the directives and referrals that were given to him. The defendant then proceeded to abscond from Probation for over four years. The defendant has shown no attempt to follow the orders that the Court has imposed. At this time, your officer recommends that the defendant serve time in custody for accountability purposes and probation to terminate upon release from custody.

**Time Credits:**

| Court Case #: F10904103 | Date of Offense: 08/02/10 | | | |
|---|---|---|---|---|
| Sentencing on 07/22/13 | Actual days | | 35 | |
| Since time of Sentencing | | | | |
| Jail | 07/23/13 to 07/30/13 = | | 8 | |
| Jail | 04/20/18 to 04/24/18 = | | 5 | |
| | 04/24/18 | If Probation | If Prison | 2nd Hearing |
| | Actual Days | 58 | 58 | |
| | GT/WT | 58 | 58 | |
| | Total Days | 116 | 116 | |
| | TRD | 08/27/18 | | |

| Court Case #: F13906789 | Date of Offense: 07/16/13 | | | |
|---|---|---|---|---|
| Sentencing on 07/30/13 | Actual days | | 15 | |
| Since time of Sentencing | | | | |
| Jail | 04/20/18 to 04/24/18 = | | 5 | |
| | 04/24/18 | If Probation | If Prison | 2nd Hearing |
| | Actual Days | 20 | 20 | |
| | GT/WT | 20 | 20 | |
| | Total Days | 40 | 40 | |
| | TRD | 10/04/18 | | |

**Field DPO Recommendation:** IF FOUND IN VOP: Revoke probation, reinstate probation under same terms and conditions except; Defendant to serve 365 days in Fresno County Jail, with a TRD of 08/27/18 in case # F10904103, and a TRD of 10/03/18 in case #F113906789. It is further recommended probation terminate upon release time-served.

Submitted by: _____   Reviewed by: _____   Date: 04/23/18
Justin Williams, DPO                                             For: Jill Reynolds, PSM

**Court Orders:**

[ ] NEW OFFENSE _____   Or   [ ] TECHNICAL VIOLATION OF COURT (choose type below)

   [ ] Out of Contact;  [ ] Failed to Appear in Court;  [ ] Failed Treatment Program;  [ ] Positive Drug Tests;

   [ ] Failed Community Services;  [ ] Failed to pay Fines;  [ ] Failed to pay Restitution;

   [ ] Failed to abide by Criminal Protective Order;  [ ] Failed to Register (Sex, Arson, Drug, Gang);

   [ ] Failed to abide by Sex Offender Restrictions;  [ ] Failed to Reside outside School Radius;

   [ ] Failed to abide by Gang Restrictions;  [ ] Failed AOWP/Work Fur;  [ ] Failed to Test

Date:_____

_____

_____

_____

_____

**(No subject)**

PS  phillip sanders
Fri 5/15/2020 2:49 PM
To: You; myinfo inrfo

0/02/2015 Clerk's Certificate of Mailing

Comment
I certify that I am not a party to this cause and a true copy
Corrected Minute Order was placed in a sealed envelope
collection and mailing on the date and at the place shown
ordinary business practice. I am readily familiar with this c
collection and processing correspondence for mailing. Or
correspondence is placed for collection and mailing, it is c
ordinary course of business with the United States Postal
fully prepaid. Place of Mailing: Fresno, California on 10/2/
5th DCA, G. Cannon, DA, Defendant, CCAP, CDC, D. Rak

10/02/2015 Action Completed on Remittiutur

10/19/2015 Mail Returned

Comment
Copy or minute order from CDCR.

10/30/2015 Remittitur from the 5th DCA Filed Action Needed

Comment
5th DCA case number:F068105

04/23/2018 Defendant Arrested, Abstract Filed

04/23/2018 Defendant in Custody

Comment
Defendant is in custody at the Fresno County Jail

04/24/2018 Hearing- Post

Judicial Officer
Whitehead, Denise

Hearing Time
8:30 AM

Result
Continued Upon Court's Own Motion

Comment
D95 / Trailing F13906789

04/24/2018 Defendant appearing without counsel

Outlook  Search  PS

New message | Reply | Delete | Archive | Junk | Sweep | Move to | Categorize

Folders
Inbox                   416
Junk Email              331
Drafts                  882
Sent Items                1
Deleted Items           256
Archive
Notes
Conversation History
New folder

Groups

(No subject)

Deputy District Attorney: V. Lai

**04/24/2018 Probation Remains Revoked**

**04/24/2018 Motion**

Comment
Submitting Party: Court Type of Motion: Continuance Oral

**04/24/2018 Motion Granted**

**04/24/2018 Defendant waived statutory time**

Comment
Hearing Type: Violation Arraignment

**04/24/2018 Defendant ordered to be present at next hearing**

**04/24/2018 Defendant remanded into custody**

Comment
Bail Set at NO BAIL. Amount: 0.00 Convicted: Yes

**04/25/2018 Hearing- Post**

Judicial Officer
Gottlieb, David

Hearing Time
8:30 AM

Cancel Reason
Clerical Error

**04/25/2018 Probation Hearing - Violation of Probation Arraignment**

Judicial Officer
Gottlieb, David

Hearing Time
8:30 AM

Result
Continued by Stipulation of All Parties

**04/25/2018 Wheel attorney appearing on behalf of the Defendant**

Comment
Attorney: Richard Beshwate Defendant Present: Yes

**04/25/2018 District Attorney appearing on behalf of the**

| | | |
|---|---|---|
| ::: Outlook | 🔍 Search | 🔔 ✅ ⚙️ ❓ 💬³ PS |

| ☰ New message | | ↩ Reply ⌄  🗑 Delete  📁 Archive  ⊘ Junk ⌄  ✉ Sweep  📨 Move to ⌄  🏷 Categorize ⌄ |

### Folders

| 📥 Inbox | 416 |
| ⊘ Junk Email | 331 |
| ✎ Drafts | 882 |
| ▷ Sent Items | 1 |
| 🗑 Deleted Items | 256 |
| 🗄 Archive | |
| 🗒 Notes | |
| Conversation History | |
| New folder | |

> Groups

## (No subject)

Comment
Deputy District Attorney: S. Ultzen

04/25/2018 Probation Remains Revoked

04/25/2018 Motion

Comment
Submitted by: Defense Type of motion: reduce to misd pu Oral

04/25/2018 Motion Granted

04/25/2018 Petition request for relief pursuant to Prop 47 granted

04/25/2018 Charge is reduced to a Misdemeanor pursuant to Prop 47

Comment
by operation of law. Count number: 001 Current charge: H Charge: HS11350(a) - misd

04/25/2018 Jail Imposed

04/25/2018 Credits for time served

Comment
Total: 116 Actual: GTWT: Treatment:

04/25/2018 Defendant ordered to be present at next hearing

04/25/2018 Defendant remanded into custody

Comment
Bail Set at $100,000 Convicted: No

04/27/2018 Probation Hearing - Violation of Probation Arraignment

Judicial Officer
Chittick, Hilary

Hearing Time
8:30 AM

Result
Heard

04/27/2018 Proceedings recorded electronically at

Comment


# (No subject)

**05/14/2018 Court orders**

Comment
Any remaining balance for fines/fees to be vacated

**05/14/2018 Defendant released on Credit For Time Served**

**05/14/2018 Surety Bond Exonerated**

Comment
Bond Number: #FCS50-1868781

**05/14/2018 Surety Bond Exoneration Notice Sent**

Comment
Bond Number:#FCS50-1868781

**05/15/2018 Probation Hearing - Violation of Probation Arraignment**

Judicial Officer
Whitehead, Denise

Hearing Time
8:30 AM

Cancel Reason
Court Order

**05/15/2018 Clerk's Office sends JUS 8715 subsequent to D.O.J.**

**05/21/2018 Probation Hearing - VOP Contested Hearing**

Judicial Officer
Chittick, Hilary

Hearing Time
8:30 AM

Cancel Reason
Court Order