1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   PHILLIP SANDERS,                      Case No. 1:20-cv-00690-NONE-EPG (PC)

12              Plaintiff,                  SCREENING ORDER

13        v.                               ORDER FOR PLAINTIFF TO:

14   DEPUTY DISTRICT ATTORNEY, V.           (1)  FILE A FIRST AMENDED COMPLAINT;
     LAI, et al.,
15                                          OR
                Defendants.
16                                          (2)  NOTIFY THE COURT THAT HE
                                            WISHES TO STAND ON HIS COMPLAINT,
17                                          SUBJECT TO THE COURT ISSUING
                                            FINDINGS AND RECOMMENDATIONS TO
18                                          A DISTRICT JUDGE CONSISTENT WITH
                                            THIS ORDER
19
                                            (ECF NO. 1)
20
                                            THIRTY DAY DEADLINE
21

22

23        I.      BACKGROUND

24        Phillip Sanders ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil

25   rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this

26   action on May 18, 2020.  (ECF No. 1).

27        The Court finds that the complaint fails to state any cognizable claim.  After Plaintiff

28   reviews this order, Plaintiff can decide to file an amended complaint, which states clearly what

each person did and why he believes it violates his constitutional rights, which the Court will screen in due course.  Alternatively, Plaintiff may write to the Court that he wants to stand on his complaint, in which case this Court will issue findings and recommendations to the district judge assigned to the case recommending that Plaintiff's complaint be dismissed for the reasons in this order.  If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

## II.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  As Plaintiff is proceeding *in forma pauperis* (ECF No. 4), the Court may also screen the complaint under 28 U.S.C. § 1915.  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id. at 679.  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Additionally, a plaintiff's legal conclusions are not accepted as true.  Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

### III.     SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff brings his complaint against District Attorneys and Appeals Attorney, Probation Officers, and Public Defenders employees of the County of Fresno, as well as a private attorney.  Plaintiff also asks for a preliminary injunction against Fresno Superior Court.

Plaintiff alleges that he was arrested on April 20, 2018 for two felony warrants that were both misdemeanors.  Plaintiff requested a copy of the probation report as well as the police report on the first hearing on April 25, 2018 and every hearing that followed.  It was extremely odd to be in a court for a felony probation violation when the appellate division ruled that felony probation should never have been imposed almost five years prior.  It was ineffective assistance of counsel by the original public defender Sabrina Asjian for failing to object to the excessive sentence and then failing to file the stay on probation hearing once the appeal was granted.

Plaintiff remembers only one attorney being present at the first initial hearing 72 hours after Plaintiff's arrest on April 25, 2018.  D. Adams was a domestic violence attorney speaking on behalf of an unrelated possessions case assigned to a different attorney while requesting the moving of her domestic violence case to a drug possession courtroom to hear a probation violation.  Simply put, Plaintiff had no attorney present for the first initial hearing in department 95, nor was a district attorney present at the first initial hearing.

Nevertheless, public defender D. Adams scheduled the domestic violence case over to a drug possession courtroom.  When Plaintiff arrived, Plaintiff had no counsel.  Judge Godlieb asked who was Plaintiff's attorney.  Plaintiff said it was attorney Rakkar and he was not present.  Judge Godlieb then trailed the case until the afternoon.  When Plaintiff returned, both public defender D. Adams and attorney Richard Beshwate were present.  Plaintiff objected through a Marsden hearing to combining both cases.  Judge Godlieb rescheduled the cases in the proper separate courtrooms.  He set the bail at $40,000 and remanded Plaintiff to Deputy

District Attorney.  S. Utlzen said nothing at all at each hearing about the court continuously trying to combine the alleged violations in another court's jurisdiction.

Not until after Plaintiff posted Bond and took all the documents to public defender D. Adams' supervisor, Mario Lopez, did Plaintiff get any results from public defender D. Adams. D. Adams waived time several times until Judge Whitehead returned from vacation.  By then, Supervisor Lopez took over and talked to Judge Whitehead and got the case dismissed on May 5, 2018, while department 11 attorney from the Wheeler Act Richard Beshwate was extremely busy holding the Muhammad case and had an attorney stand in for him until he could address the court and he had the case dismissed for time served.  Plaintiff told him several times he was not Plaintiff's attorney for that case.

The case was over 5 years old past sentencing the attorney Curtis was the first wheeler attorney when he suggested a competency hearing.  Plaintiff hired a private attorney Diljit Rakkar who drafted a deal with Judge Simpson while Judge Simpson lacked jurisdiction around 2013 who sentenced Plaintiff.  The case was in the wrong Court.  Attorney Rakkar refused to file a stay on probation once the appeal was granted and also refused to file proposition 47 reducing the case to a misdemeanor.

Five years after being sentenced, Plaintiff was arrested on the probation violation and the case was switched back to attorney Richard Beshwate, appointed from the Wheeler Act. While Beshwate was not the attorney of record, Beshwate told Plaintiff he would move the court to issue time served and dismiss the case, so Plaintiff let him continue as counsel.

After several hearings, Plaintiff requested a bail reduction.  Plaintiff bailed out, returned to court with documents, and both violations were dropped.  The battery case where the court gave Plaintiff felony for misdemeanor was dismissed by Judge Whitehead and the possessions case that was reduced to a misdemeanor by Proposition 47 was dismissed for time served.

How can anyone have 116 days time credit before they were sentenced to probation is a clear 14th Amendment due process violation as well as Eighth Amendment cruel and unusual punishment.  Plaintiff passed the competency evaluation from behind bars without any medical treatment.  Three judges locked Plaintiff up by alleging he was incompetent to go to court on

4

driving a suspended license, while Plaintiff had his license in his pocket.

Judges Sanderson, Kapetan, and Simpson should all have been recalled for such gross false imprisonment.  Furthermore, all charges should have been dropped as soon as Plaintiff passed the evaluation.  The notion that you are innocent until proven guilty was repealed.

These cases had numerous violations such as excessive bail, Eighth Amendment violation, cruel and unusual punishment, excessive sentence, Court imposing felony for a misdemeanor (reversed on appeal), another Eighth Amendment violation for cruel and unusual punishment, Fourteenth Amendment due process through judicial misconduct when Judge Simpson combined a misdemeanor obstruction case with possession case that was suspended after Plaintiff passed the competency evaluation.

After sentencing, the court appointed attorney skipped the complete process of filing a stay on probation once the appeal was granted, and refused to file a proposition 47 motion for reduction of sentence.

The misdemeanor battery appeal went to the Fifth District Court of appeals, when it should have been sent to the Superior Court appellate division.  This delayed Plaintiff's due process rights on appeal.  The possession appeal went to the Fifth District Court of Appeals who reneged on its own motion to augment the records.  The appeals dockets stated that this Court previously ordered augmentation on the record with a reporter's transcript of that specific March 22, 2012 proceeding.  The court reporter has filed an affidavit that she does not have any notes for it.

The appeal order violated Plaintiff's right to adequate record on appeal under the Fourteenth Amendment.  The only way Plaintiff lost the appeal was because the appeals attorney (Greg Cannon) argued the wrong issue on appeal.  Plaintiff had two appeals.  The battery case went to the wrong appeals division, delaying Plaintiff's win on the possession case. The Court lost several court records.  Plaintiff should have won plus the charge was reduced by Proposition 47.

Finally, after being arrested on probation violations on April 20, 2018, there were more due process and excessive bail violations occurring such as the district attorney combining

5

unrelated cases together and moving them to a different Court without a judicial disqualification, probation officers conspiring with the district attorney in writing a manipulated felony probation report when both cases were misdemeanors sent to that same courtroom, plus several more Court appearances where the public defender or court appointed counsel did not appear.

At the end of the day, the appeals should have caught both court errors. Nevertheless, the district attorney, courtroom probation officers and the public defenders combined unrelated cases, switched them to court rooms outside their jurisdiction, and tried to use incarceration shock to threaten Plaintiff with prison time if he didn't take one year in the county jail.

A tactic seldom used by the District Attorneys office conspiring with the public defender all of which could have been avoided had the public defender and court appointed attorney filed a stay on probation hearing once the appeal was granted.

Once both cases were dropped, it gave way to numerous federal violations. Facts can be found in Fresno Superior Court docket reports, minute orders, appeal dockets, and the extremely puzzling felony probation reports drafted for cases that were only misdemeanors.

The probation adjustment pre-minute report dated July 20, 2013 states that there is an error in the time credit calculation awarding the defendant 169 good time work time credits. The correct time credits are noted in the time credit table below.

On November 19, 2013, a special report was submitted to the court requesting a bench warrant be issued in case f 10904103. On November 25, 2013, the warrant was issued.

On April 20, 2018, the defendant was arrested for outstanding bench warrants in both cases.

This is a clear sign that probation officers Williams and Reynolds admitting they combined 2 felony cases to different jurisdictions that were misdemeanors.

**IV.      FEDERAL RULE OF CIVIL PROCEDURE 8**

First, the Court finds that Plaintiff's complaint does not contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain: . . . a short and plain statement of the claim

showing that the pleader is entitled to relief."). Plaintiff's complaint lists various issues related to proceedings for a probation violation. It names various attorneys and probation officers, as well as numerous claims. However, it does not clearly state his claims, i.e. it does not state what someone did that violated his constitutional rights.

The requirement of a clear and plain statement is especially important in this case because this Court is not an appellate court for the state superior court. This Court does not review whether the state superior court acted properly according to its state rules and procedures. This proceeding under Section 1983 is limited to violations of constitutional rights. Thus, Plaintiff must set forth clearly what he alleges each defendant did that violated a constitutional right.

As Plaintiff has violated Federal Rule of Civil Procedure 8(a) by not providing a plain statement showing that he is entitled to relief, the Court finds that his complaint should be dismissed. However, the Court will grant Plaintiff leave to amend his complaint so that he can include additional factual allegations and make a clear statement.

Below, the Court provides some legal standards that might be of assistance to Plaintiff in deciding whether to amend his complaint.

## V.    PLAINTIFF CANNOT CHALLENGE AN UNDERLYING CRIMINAL CONVICTION BY THIS LAWSUIT

Plaintiff's complaint discusses probation violations. It is not clear if Plaintiff was convicted of those violations, and whether they have been upheld by the appellate court. However, Plaintiff cannot challenge a conviction through a section 1983 case.

Specifically, in Heck v. Humphrey, the United States Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding

criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." 512 U.S. 477, 487 (1994) (footnotes omitted).

If Plaintiff chooses to amend his complaint, he should explain whether he was convicted of the probation violation and whether that conviction has been overturned on appeal, or is subject to appeal.

## VI.   NO 1983 CLAIM AGAINST PUBLIC DEFENDERS AND PRIVATE ATTORNEYS

Plaintiff has asserted claims against various public defendants and a private attorney. Section 1983 claims against public defenders and the private attorney are not cognizable because they are private individuals for purposes of section 1983, and therefore do not act under color of state law. Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that public defenders performing traditional functions of representation do not act under color of state law for purposes of civil rights actions); Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003) ("We therefore affirm the district court's dismissal of the complaint against the Assistant Public Defender, Rigsby, on the ground that, as a matter of law, he was not a state actor.").

## VII.   IMMUNITY FOR JUDICIAL OFFICERS

Plaintiff names several district attorneys as defendants in his complaint.  Judges and prosecutors are immune from liability under § 1983 when they are functioning in their official capacities under proper jurisdiction. See Imbler v. Pactman, 424 U.S. 409, 427 (1976); see also Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities."); Ashelman v. Pope, 793 F.2d 1072, 1075-77 (9th Cir. 1986) (noting that judges are generally immune from § 1983 claims except when acting in "clear absence of all jurisdiction...or performs an act that is not 'judicial' in nature," and prosecutors are generally immune unless acting without "authority") (internal citations omitted); Walters v. Mason, No. 215CV0822KJMCMKP, 2017 WL 6344319, at *2 (E.D. Cal. Dec. 12, 2017) (same); Forte v. Merced Cty., No. 1:15-CV-0147 KJM-BAM, 2016 WL 159217, at *12–13 (E.D. Cal. Jan. 13,

2016) ("prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the state"), report and recommendation adopted, No. 1:15-CV-0147-KJM-BAM, 2016 WL 739798 (E.D. Cal. Feb. 25, 2016). Where a prosecutor acts within his authority " 'in initiating a prosecution and in presenting the state's case,' absolute immunity applies." Ashelman, 793 F.2d at 1076 (quoting Imbler, 424 U.S. at 431). This immunity extends to actions during both the pre-trial and posttrial phases of a case. See Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir. 1984).

Plaintiff also names several probation officers as defendants.  Probation officers are afforded absolute immunity from damage actions under Section 1983 for claims relating to their preparation of reports for state court judges. Demoran v. Witt, 781 F.2d 155, 158 (9th Cir. 1985). This specific immunity is grounded in the principle that absolute immunity is extended "to officers whose functions bear a close association to the judicial process ... [i]n other words, parties who otherwise enjoy limited immunity enjoy absolute 'quasi-judicial' immunity when their conduct relates to a core judicial function." The extension of such immunity is supported where there are procedural safeguards for the defendant. See id.

"Absolute immunity fails to attach to judicial officers only when they act clearly and completely outside the scope of their jurisdiction." Id.; see also Puentes v. Cty. of San Mateo, No. C 11-02511 SI, 2011 WL 4005383, at *3 (N.D. Cal. Sept. 8, 2011) ("The Ninth Circuit has held that probation officers are immune from liability for damages under 28 U.S.C. § 1983, when acting within the scope of their employment."), aff'd, 481 F. App'x 348 (9th Cir. 2012).

On the other hand, depending on the specific procedures governing the probation officers and what specific actions they took in relation to possible probation revocation petitions, absolute immunity may not be applicable. See Swift v. California, 384 F.3d 1184, 1192–93 (9th Cir. 2004) ("Like parole officers under the New York regulations, parole officers under the California regulations must report parole violations, while the BPT is given the discretion to initiate the revocation proceedings ... Swift alleges that [parole officers requested an] order for a revocation hearing based upon falsified and suppressed evidence ... this statement parallels the regulations and suggests [the officers]

performed a non-discretionary function, while another official made the discretionary prosecutorial decision to issue the order for a revocation hearing ... [the officer's] actions requesting that the BPT initiate revocation proceedings, were more akin to a police officer seeking an arrest warrant, than to a prosecutor exercising quasi-judicial discretion to initiate criminal proceedings [and thus they] are not entitled to absolute immunity for recommending that the BPT initiate revocation proceedings."); Hernandez v. City of Oakley, No. C-11-02415 JCS, 2012 WL 5411781, at *17 (N.D. Cal. Nov. 6, 2012) (declining to extend immunity to probation officers as defendants presented no evidence distinguishing circumstances from Swift); Gay v. Parsons, No. 16-CV-05998-CRB, 2019 WL 3387954, at *5 (N.D. Cal. July 26, 2019) (applying holding in Swift to parole officer who submitted investigative reports to parole board and requested an order for a parole revocation hearing to find immunity inapplicable); but see Villalobos v. Dickson, 406 F.2d 835 (9th Cir. 1969) ("[W]e conclude that the defendants [members of the California authority responsible for supervising individuals released on parole] in this action are immune from plaintiff's claim for damages arising from the revocation of his parole."); Woods v. Arizona, Maricopa Cty., No. CV 06-02054 PHX EMA, 2006 WL 8440661, at *3–5 (D. Ariz. Dec. 20, 2006) (discussing Swift and factors enunciated in Demoran, and granting absolute immunity to probation officer who initiated and testified at probation revocation hearing as the judge made the ultimate decision to revoke probation after an adversarial process during which claimant was represented by counsel and allowed to present evidence, and the state appellate process was available to correct any unconstitutional conduct).

## VIII.   CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claims.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires."  Accordingly, the Court will provide Plaintiff with time to file an amended complaint, so that Plaintiff can provide additional factual allegations.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Plaintiff is granted leave

to file an amended complaint within thirty days.

If Plaintiff chooses to amend his complaint, in his amended complaint he must state what each named defendant did that led to the deprivation of his constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff has a choice on how to proceed. Plaintiff may file an amended complaint if he believes that additional true factual allegations would state cognizable claim(s). If Plaintiff files an amended complaint, the Court will screen that complaint in due course. Alternatively, Plaintiff may choose to stand on his complaint subject to the Court issuing findings and recommendations to a district judge consistent with this order.

Based on the foregoing, it is **HEREBY ORDERED** that:

1.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:

      a.  File a First Amended Complaint in light of the legal standards discussed above;

      b.  Notify the Court in writing that he wants to stand on this complaint, in which case the Court will issue findings and recommendations consistent with this order to a district judge;

2.    If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:20-cv-00690-NONE-EPG; and

3.    <u>Failure to comply with this order may result in the dismissal of this action.</u>

IT IS SO ORDERED.

Dated:   __**July 7, 2020**__                    ___/s/ Erica P. Grosjean___

UNITED STATES MAGISTRATE JUDGE