1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    PHILLIP SANDERS,                              No.  1:20-cv-00690-NONE-EPG

12                    Plaintiff,                    FINDINGS AND RECOMMENDATIONS,
                                                    RECOMMENDING THAT PLAINTIFF'S
13         v.                                       COMPLAINT BE DISMISSED WITH
                                                    PREJUDICE AND WITHOUT LEAVE TO
14    V. LAI, et al.,                               AMEND

15                    Defendants.                   (ECF NO. 7)

16                                                  TWENTY-ONE DAY DEADLINE

17                                                  ORDER GRANTING MOTION TO FILE
                                                    DOCKET MEMORANDUM
18
                                                    (ECF No. 8)
19

20         Plaintiff Phillip Sanders ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this

21    civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this

22    action on May 18, 2020. (ECF No. 1). On July 8, 2020, the Court screened Plaintiff's complaint,

23    found it did not comply with Federal Rule of Civil Procedure 8, provided legal standards, and

24    granted leave to amend. (ECF No. 4). Plaintiff filed a first amended complaint on September 9,

25    2020, (ECF No. 7) ("FAC"), which is now before the Court for screening.

26         The FAC brings claims concerning how Plaintiff was treated during criminal proceedings

27    against him. The Court finds that the FAC also does not comply with Federal Rule of Civil

28    Procedure 8 and fails to state any cognizable claims. The Court recommends that the FAC be

                                                    1

1    dismissed, with prejudice, and without leave to amend.

2         Plaintiff also filed a motion to file a docket memorandum in support of the FAC. (ECF

3    No. 8). The Court has reviewed the memorandum and accordingly will grant the motion, which it

4    also construes as the memorandum itself.

5         Plaintiff has twenty-one days from the date of service of this order to file objections to the

6    findings and recommendations.

7    **I.      SCREENING REQUIREMENT**

8         As Plaintiff is proceeding *in forma pauperis*, the Court may screen the FAC under 28

9    U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid,

10   the court shall dismiss the case at any time if the court determines that the action or appeal fails to

11   state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

12        A complaint is required to contain "a short and plain statement of the claim showing that

13   the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

14   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

15   conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell

16   Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual

17   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting

18   *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this

19   plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not

20   required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681

21   (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal

22   conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

23        Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal

24   pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that

25   pro se complaints should continue to be liberally construed after *Iqbal*).

26   **II.     ALLEGATIONS IN THE FAC**

27        Plaintiff's FAC alleges as follows:

28   ///

1       On April 20, 2018, Plaintiff was arrested on two outstanding bench warrants. They were

2    put on the calendar in department 95 even though the cases—numbers F10904103 and

3    F1390789—were not related.

4       Defendant D. Adams was Plaintiff's public defender in case F1390789 in a hearing on

5    April 24, 2018. Defendant Adams committed malpractice by standing in for former Wheeler Act

6    attorney Curtis Sok in the F10904103 case. But Sok was no longer working that case because

7    attorney Richard Beshwate had taken over the Wheeler Act cases.

8       In addition, Plaintiff fired Sok right before he was sentenced in the possession case around

9    July 30, 2013. Plaintiff hired private attorney Deljjit Rackkar. But Defendant Adams stood in for

10   the wrong attorney of record on the first hearing after Plaintiff's arrest. The public defender did

11   not have the police report or any files to defend Plaintiff.

12      On April 24, 2018, Defendant Adams requested that both of Plaintiff's cases be moved for

13   Judge Gottlieb's courtroom in department 30 for an appeal remittitur review for case F1390789

14   and a probation violation hearing in case F10904103. No district attorney was present at the first

15   hearing even though district attorney V. Lai was the department 95 DA of record on that date.

16   Defendant Adams was also not present.

17          these are the first cause of action that raise a federal question 14th amendment
            due process right the right to a fair hearing with the DA present as well as my
18          attorney of record the right to effective counsel with the files as well as the
            right to my attorney of record their was no substitute attorney filed in the
19          possession case the due process right of holding cases in their proper
            jurisdiction thier was no judicial disqualifications combining 2 unrelated cases
20          in the wrong court jurisdiction is legal malpractice and prosecutorial
21          misconduct

22   (ECF No. 7 at 3).

23      Defendant Adams suggested that both cases be moved to Judge Gottlieb in Department

24   30. Plaintiff had had previous experiences with Judge Gottlieb, including being "g[iven a] felony

25   for a misdemeanor that appeals reversed[.]"

26      Various defendants were not in the courtrooms on April 24 and 25, 2018. Judge Gottlieb

27   asked who Plaintiff's attorney was. Plaintiff said it was Diljit Rakkar, who was not present. The

28   judge moved the matter to the afternoon. Defendant Adams was then present, as well as "wheeler

1    attorney Richard Beshwate." Plaintiff let Beshwate take the case after Beshwate said he might be

2    able to get the matter dismissed. Plaintiff requested a Marsden hearing. Judge Gottlieb set bail for

3    both cases at $40,000 and "forwarded both cases to th[ei]r proper courtroom Department 11 back

4    in the apartment 95 the odd things about that hearing no court probation officer was present and

5    the attorneys still didn't have the files while public defender Adams gave me my first of the

6    probation report[.]"

7          After the cases were separated and sent to the proper courtrooms, the felony probation

8    reports should have been rewritten. It is "extremely difficult" to violate felony probation on a case

9    that was a misdemeanor.

10         Plaintiff alleges that Defendant Sabrina Ashjain, a public defender, and Defendant Rakkar

11   violated Plaintiff's Fourteenth Amendment right to "due process by not aiding in the filing of the

12   appeal and completely skipping the probation stay hearing when appeal was granted[.]" This led

13   to cruel and unusual punishment because of the excessive sentence.

14         The misdemeanor battery case was filed as a felony even though it should have been a

15   misdemeanor. It was filed under Judge David Gottlieb and assigned to Defendant Ashjian, who

16   triggered a systemic judicial inequality for men of color. Defendant Ashjian never asked for a bail

17   reduction, and she did not ask the court to reduce the charges from a felony to a misdemeanor.

18   She lied about sending out an investigator to retrieve video footage. There was no investigator

19   assigned to Plaintiff's case. She did nothing at all. The district attorney reneged on the plea

20   agreement. She did not assist with Plaintiff's appeal and refused to stay on probation.

21         A copy of the vop report was given to Plaintiff on April 25, 2018. He reviewed the report.

22   It raised several questions of federal violations. It was written on April 23, 2018, and submitted

23   by Defendant Justin Williams, a deputy probation officer, and reviewed by Defendant Jill

24   Reynolds PSM. The report had various errors. This amounts to ineffective assistance of counsel,

25   legal malpractice and gross professional negligence.

26         Defendant Adams engaged in what seems to be a conspiracy with defendants Williams

27   and Reynolds, who wrote the vop report, as well as Defendants Lai and Sok.

28   ///

4

1       Defendant Adams suggested to Plaintiff that he "waive time which [he] unwillingly did"

2 and told Plaintiff that she would give him a copy of the vop report at the next hearing. She moved

3 both of Plaintiff's cases to department 30. No one was present at the hearing.

4       Defendant Sok provided ineffective assistance of counsel and committed legal malpractice

5 by not being present at a hearing.

6       Defendant A. Bosniak, a probation officer, committed legal malpractice by combining

7 remittitur case with a possession case and moving them to the wrong courtroom.

8       Defendant Lai committed legal malpractice and violated Plaintiff's right to have a DA

9 present at every hearing. Defendant Lai "t[ook] unrelated cases outside jurisdiction without

10 judicial disqualification for example combining OJ murder trial with a unrelated civil damages

11 trial 1 is example[.]"

12       Defendant Rakkar violated Plaintiff's Sixth Amendment rights with ineffective counsel

13 through legal malpractice. Had he performed the post-trial duty of filing a stay on probation once

14 the appeal was granted as well as a Proposition 47 to reduce the possession charge down to a

15 misdemeanor, Defendant Adams would not have been caught up in the second wave of due

16 process violations.

17       Defendants Williams and Reynolds and others violated Plaintiff's 14th Amendment due

18 process rights by combining unrelated cases on a single probation report and moving a case to the

19 wrong court jurisdiction.

20 **III.    SECTION 1983**

21       The Civil Rights Act under which this action was filed provides:

22       Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of

23 Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the

24 deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action

25 at law, suit in equity, or other proper proceeding for redress....

26 42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely

27 provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490

28 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also*

1   *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*,

2   697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012);

3   *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

4   To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under

5   color of state law, and (2) the defendant deprived him of rights secured by the Constitution or

6   federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh*

7   *v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state

8   law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he

9   does an affirmative act, participates in another's affirmative act, or omits to perform an act which

10  he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler*

11  *II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*,

12  588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an

13  official sets in motion a 'series of acts by others which the actor knows or reasonably should

14  know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183

15  (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard

16  'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d

17  1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir.

18  2008).

19  Additionally, a plaintiff must demonstrate that each named defendant personally

20  participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must

21  be an actual connection or link between the actions of the defendants and the deprivation alleged

22  to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658,

23  691, 695 (1978).

24  **IV.      FEDERAL RULE OF CIVIL PROCEDURE 8**

25  In the Court's screening order, the Court found that Plaintiff's first complaint did not

26  comply with Federal Rule of Civil Procedure 8 ("Rule 8"):

27          First, the Court finds that Plaintiff's complaint does not contain a short and
            plain statement of the claim showing that the pleader is entitled to relief.  Fed.
28          R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain: . . . a

6

1
2
3
4

> short and plain statement of the claim showing that the pleader is entitled to relief."). Plaintiff's complaint lists various issues related to proceedings for a probation violation. It names various attorneys and probation officers, as well as numerous claims. However, it does not clearly state his claims, i.e. it does not state what someone did that violated his constitutional rights.

5
6
7
8

> The requirement of a clear and plain statement is especially important in this case because this Court is not an appellate court for the state superior court. This Court does not review whether the state superior court acted properly according to its state rules and procedures. This proceeding under Section 1983 is limited to violations of constitutional rights. Thus, Plaintiff must set forth clearly what he alleges each defendant did that violated a constitutional right.

9    (ECF No. 4 at 6-7). The Court granted Plaintiff leave to amend.

10         The FAC fails to comply with Rule 8. It is concerned primarily with descriptions of his

11   criminal proceedings including what courtroom he was in, who was present at or absent from

12   courtroom proceedings, where files were taken, and who his attorneys were at various times. As

13   explained to Plaintiff in the screening order, the Court is not an appellate court for his state

14   criminal proceedings and does not enforce state court rules to the extent they do not concern

15   violations of the U.S. Constitution.

16         To the extent Plaintiff attempted to bring other claims unrelated to those procedural

17   violations, this is not clear from the complaint. The Complaint does not identify in a plain

18   manner what any person did that allegedly violated a specific constitutional right. Although

19   Plaintiff lists various constitutional amendments in his FAC, Plaintiff does not tie those rights to

20   what someone specifically did or failed to do. Rather, he alleges that various state procedural

21   abnormalities occurred and then concludes that named constitutional rights were violated.

22   Accordingly, the FAC violates Rule 8 because it is not a short and plain statement. *See Cafasso,*

23   *U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (holding a

24   complaint violates Rule 8 if a defendant would have difficulty understanding and responding to

25   the complaint); *McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996) (affirming dismissal

26   with prejudice under Rule 8 because, in part, "the judge and opposing counsel, in order to

27   perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must

28   prepare outlines to determine who is being sued for what. Defendants are then put at risk that

1    their outline differs from the judge's, that plaintiffs will surprise them with something new at trial

2    which they reasonably did not understand to be in the case at all, and that res judicata effects of

3    settlement or judgment will be different from what they reasonably expected"); *Spottedbear v.*

4    *Sheahan*, No. 3:18-CV-00374-MMD-CBC, 2019 WL 1197697, at *2, 4 (D. Nev. Feb. 22,

5    2019), *report and recommendation adopted*,  2019 WL 1177959 (D. Nev. Mar. 13, 2019)

6    (recommending dismissal with prejudice and without leave to amend under Rule 8 where

7    complaint was "devoid of facts that specifically link or identify what actions were taken by each

8    named defendant that specifically relate to any identified constitutional right that was violated"

9    and because "as presently drafted, the Court cannot discern what each defendant did that violated

10   Plaintiffs' constitutional rights").

11   **V.       ANALYSIS OF PLAINTIFF'S CLAIMS**

12            Even if the FAC complied with Rule 8, it should still be dismissed for failure to state a

13   claim because all Defendants are immune from liability.

14            **A.       Claims Against Public Defenders and Private Attorneys**

15            Plaintiff has asserted claims against various public defenders and a private attorney.

16   Section 1983 claims against public defenders and the private attorney are not cognizable because

17   they are private individuals for purposes of section 1983, and therefore do not act under color of

18   state law. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that public defenders

19   performing traditional functions of representation do not act under color of state law for purposes

20   of civil rights actions); *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003)

21   ("We therefore affirm the district court's dismissal of the complaint against the Assistant Public

22   Defender, Rigsby, on the ground that, as a matter of law, he was not a state actor."). Accordingly,

23   Plaintiff's claims against his public defenders and private attorneys fail.

24            **B.       Claims Against Judicial Officers**

25            Plaintiff names several district attorneys as defendants in his complaint.  Judges and

26   prosecutors are immune from liability under § 1983 when they are functioning in their official

27   capacities under proper jurisdiction. *See Imbler v. Pactman*, 424 U.S. 409, 427

28   (1976); *see also Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004)

1   ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official

2   capacities."); *Ashelman v. Pope*, 793 F.2d 1072, 1075-77 (9th Cir. 1986) (noting that judges are

3   generally immune from § 1983 claims except when acting in "clear absence of all jurisdiction...or

4   performs an act that is not 'judicial' in nature," and prosecutors are generally immune unless

5   acting without "authority") (internal citations omitted); *Walters v. Mason*, No. 2:15-CV-0822-

6   KJM-CMK, 2017 WL 6344319, at *2 (E.D. Cal. Dec. 12, 2017) (same); *Forte v. Merced Cty.*,

7   No. 1:15-CV-0147 KJM-BAM, 2016 WL 159217, at *12–13 (E.D. Cal. Jan. 13,

8   2016) ("prosecutorial immunity protects eligible government officials when they are acting

9   pursuant to their official role as advocate for the state"), report and recommendation adopted, No.

10  1:15-CV-0147-KJM-BAM, 2016 WL 739798 (E.D. Cal. Feb. 25, 2016). Where a prosecutor acts

11  within his authority " 'in initiating a prosecution and in presenting the state's case,' absolute

12  immunity applies." *Ashelman*, 793 F.2d at 1076 (quoting *Imbler*, 424 U.S. at 431). This immunity

13  extends to actions during both the pre-trial and posttrial phases of a case. *See Demery v.*

14  *Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984).

15          Plaintiff also names several probation officers as defendants.  Probation officers are

16  afforded absolute immunity from damage actions under Section 1983 for claims relating to their

17  preparation of reports for state court judges. *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985).

18  This specific immunity is grounded in the principle that absolute immunity is extended

19  "to officers whose functions bear a close association to the judicial process ... [i]n other words,

20  parties who otherwise enjoy limited immunity enjoy absolute 'quasi-judicial' immunity when

21  their conduct relates to a core judicial function." The extension of such immunity is supported

22  where there are procedural safeguards for the defendant. *See id.* "Absolute immunity fails to

23  attach to judicial officers only when they act clearly and completely outside the scope of their

24  jurisdiction." *Id.*; *see also Puentes v. Cty. of San Mateo*, No. C 11-02511 SI, 2011 WL 4005383,

25  at *3 (N.D. Cal. Sept. 8, 2011) ("The Ninth Circuit has held that probation officers are immune

26  from liability for damages under 28 U.S.C. § 1983, when acting within the scope of their

27  employment."), *aff'd*, 481 F. App'x 348 (9th Cir. 2012).

28          Here, Plaintiff alleges claims against various probation officers for writing a report to the

judge. Plaintiff makes no allegations that the probation officers acted outside the scope of their duties or that their work was not part of their core judicial function. Therefore, Plaintiff also fails to state a claim with respect to the Defendants who are probation officers.

**VI.     LEAVE TO AMEND**

The Court's screening order noted that Plaintiff violated Rule 8 and provided legal standards. The FAC also violates Rule 8. Furthermore, the FAC names immune defendants even after the Court gave Plaintiff relevant legal standards about immunity. Therefore, the Court does not recommend granting further leave to amend.

**VII.    CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.  This action be dismissed with prejudice without leave to amend for failure to comply with Federal Rule of Civil Procedure 8 and failure to state a claim; and

2.  The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

In addition, Plaintiff's motion to file a memorandum (ECF No. 8) is HEREBY GRANTED.

IT IS SO ORDERED.

Dated:    **November 2, 2020**                    /s/ Erica P. Grosjean
                                               UNITED STATES MAGISTRATE JUDGE