UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP SANDERS,<br><br>    Plaintiff,<br><br>    v.<br><br>V. LAI, et al,<br><br>    Defendants. | No. 1:20-cv-00690-NONE-EPG<br><br>ORDER CONSTRUING DECEMBER 14, 2020 FILING AS A MOTION FOR RECONSIDERATION AND DENYING SAME<br><br>(Doc. No. 21) |

    Plaintiff Phillip Sanders is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On November 2, 2020, the magistrate judge entered findings and recommendations recommending that this action be dismissed with prejudice and without leave to amend due to plaintiff's failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a claim.  (Doc. No. 10.)  Plaintiff timely filed objections on November 24, 2020.  (Doc. No. 11.)  Plaintiff also filed a second amended complaint, without leave to amend having been granted, concurrently with his objections on November 24, 2020, and a motion for reconsideration of the findings and recommendations on December 1, 2020.  (Doc. Nos. 12, 13.)  The court construed plaintiff's second amended complaint and the motion for reconsideration as further objections to the findings and recommendations.  (Doc. No. 15.)  After

1

reviewing the entire record, the undersigned adopted the findings and recommendations, plaintiff's complaint was dismissed, and this case was closed on December 14, 2020. (*Id.*)

That same day (December 14, 2020), the court received a filing entitled "Complaint against Magistrate Judge Erica P. Grosjean." (Doc. No. 21.)[1] The document purports to be a complaint regarding judicial misconduct directed at former Chief Judge Lawrence J. O'Neill, who has since taken inactive senior status. Having carefully reviewed the filing, the court concludes that plaintiff's filing is not a complaint regarding judicial misconduct. The Judicial Conduct and Disability Act allows for the filing of complaints alleging that a federal judge has engaged in "conduct prejudicial to the effective and expeditious administration of the business of the courts" or has become, by reason of a temporary or permanent condition, "unable to discharge the duties" of the judicial office. 28 U.S.C. § 351(a). Plaintiff's latest filing raises no such issues. Rather, he complains that various rules of procedure were allegedly violated by the assigned magistrate judge's actions in this case. Accordingly, the court will construe the filing as a motion for reconsideration.

Before addressing the motion, the undersigned will clarify his role in this matter, as plaintiff appears to be confused in that regard. As explained in the standing order re judicial emergency (*see* Doc. No. 14), under the present circumstances facing this court, including the lack of sufficient judicial resources, certain cases filed in this district are being randomly assigned to a caseload bearing the district judge designation of "NONE." This is being done largely for administrative purposes to enable the rapid and efficient reassignment of cases upon the appointment and confirmation to this court of additional judges to fill its current vacancies. (*See id.*) Notwithstanding the "NONE" designation, the *undersigned* has presided over and will continue to preside over all "NONE" designated cases. Accordingly, this case has had a district judge assigned to this matter since its inception.

/////

---

[1] Subsequently, plaintiff filed a Notice of Appeal that raises similar issues (Doc. No. 17), but that Notice does not deprive this court of jurisdiction to entertain a motion for reconsideration of the issues on appeal for purposes of denying such a motion. Fed. R. Civ. P. 62.1(a)(2) & Advisory Committee Notes.

More specifically, plaintiff asserts that the assigned magistrate judge acted unlawfully by *granting* his petition to proceed in forma pauperis in the absence of consent to the magistrate judge. (Doc. No. 21 at 1.) This argument is misguided. First, Local Rule 302(a) indicates generally that magistrate judges are to perform "*all duties permitted* by 28 U.S.C. 636(a) [and] (b)(1)(A)." E.D. Cal. L. R. 302(a)(emphasis added). In turn, 28 U.S.C. § 636(b)(1)(A) provides that a court may authorize an assigned magistrate judge to "hear and determine any pretrial matter pending before the court" with certain exceptions not applicable here. Together, Local Rule 302(a) and 28 U.S.C. § 636(b)(1) a operate as authorization to permit a magistrate judge to handle pretrial matters such as motions to proceed in forma pauperis. While *denying* a request to proceed in forma pauperis is considered a dispositive action that would have required the assigned magistrate judge to issue findings and recommendations which would then have been reviewed by the undersigned, *see Tripati v. Rison*, 847 F.2d 548, 549 (9th Cir. 1988); 28 U.S.C. § 636(b)(1)(B), (C), *granting* a request to proceed in forma pauperis requires no such treatment.[2] Indeed, when dispositive action was taken on plaintiff's complaint, it was undertaken by way of findings and recommendations (Doc. No. 10) that were reviewed and adopted by the undersigned by way of order (Doc. No. 15).

For all these reasons, plaintiff's December 14, 2020 (Doc. No. 21) filing, construed as a motion for reconsideration, is DENIED.

IT IS SO ORDERED.

Dated: **January 21, 2021**

UNITED STATES DISTRICT JUDGE

---

[2] It is also entirely unclear what plaintiff expects to gain from challenging the magistrate judge's ruling on his in forma pauperis application. At best, the remedy would simply be to have a district judge consider the application. As the application was granted, it is unclear how plaintiff was harmed by any such ruling.

3